# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD M. RAMOS, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. BANK, et al., <br><br> Defendants. | CASE NO. 12-CV-1820- IEG (RBB) <br><br> **ORDER:** <br><br> **1. GRANTING DEFENDANTS' MOTION TO DISMISS;** <br><br> [Doc. No. 4] <br><br> **2. GRANTING LEAVE TO AMEND**. |

Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 4.] For the reasons below, Defendants' motion is **GRANTED**.

## BACKGROUND

This case concerns a July 27, 2005 mortgage loan to Plaintiffs Ronald M. and Eunice C. Ramos. [*See* Doc. No. 1 Ex. A.] Proceeding *pro se*, Plaintiffs filed a complaint on April 27, 2012 in San Diego County Superior Court alleging violations of the Truth in Lending Act ("TILA"), as well as state law claims for negligent misrepresentation, recission, fraud, unfair business practices under California Business and Professions Code § 17200, and to quiet title. [Doc. No. 1 Ex. A.] On July 23, 2012, Defendants removed on the basis of federal question jurisdiction. [Doc. No. 1 at 3.] On May 23, 2012, Defendants filed the present motion to dismiss. [Doc. No. 8.] Plaintiffs filed an opposition on August 20, 2012, [Doc. No. 6], and Defendants filed a reply on August 31, 2012, [Doc. No. 7].

///

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) test the sufficiency of this required showing. *New Mexico State Investment Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011). "Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). And though *pro se* complaints enjoy "the benefit of any doubt," *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010), Rule 8 still demands sufficient factual matter to plausibly state a claim. *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

**1.      TILA Claims**

The Court liberally construes the complaint as asserting TILA claims for both damages and recission, [*see* 15 U.S.C. §§ 1635, 1640], but finds both barred by applicable statutes of limitation and repose. TILA damages claims are subject to a one-year statute of limitation that may, under certain circumstances, be equitably tolled. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). TILA recission claims are subject to a three-year statute of repose, which constitutes an absolute bar and thus to which equitable tolling is unavailable. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). Both statutes run from the date the subject loan was consummated. *See King*, 784 F.2d at 915; *see also McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1328 (9th Cir. 2012).

Plaintiff's complaint was filed on April 27, 2012, nearly seven years after the date the subject loan was consummated, July 27, 2005.[1] [*See* Doc. No. 1 Ex. A at 17.] And no basis for

---

[1] Plaintiffs' opposition relies on *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989), to argue that the subject loan was not consummated at issuance because securitization of the loan rendered the ultimate source of funding unknown. [*See* Doc. No. 6 at 6-7.] But in *Jackson*, the Ninth Circuit merely held that a contract conditioned on lender identification was invalid where no lender was identified; it did not hold that all loans remain unconsummated as long as the ultimate source of the lender's funding remains unknown. 890 F.2d at 121. Here, a lender was plainly identified, [Doc. No. 1 Ex. A at 17], and the loan was consummated regardless of how or by whom the lender was ultimately funded. *See e.g.*, *Buie v. Palm Springs Motors, Inc.*, 2001 WL 34570064, at *3 (C.D. Cal.

1 equitable tolling has been pled.  *See Cervantes*, 656 F.3d at 1045 (equitable tolling only available
2 "in situations where, despite all due diligence, the party . . . is unable to obtain vital information
3 bearing on the existence of the claim").  Plaintiff's TILA claims are thus untimely and barred.  *See*
4 *King*, 784 F.2d at 915.  Because amendment could potentially provide a basis for equitable tolling
5 of the statute of limitations, Plaintiff's TILA claims for damages are **DISMISSED WITHOUT**
6 **PREJUDICE**.  But as the statute of repose is an absolute bar, and amendment would thus be futile,
7 Plaintiff's TILA claims for recission are **DISMISSED WITH PREJUDICE**.

    **2.**    **State Law Claims**

9 Having "dismissed all claims over which it has original jurisdiction," the Court hereby
10 "decline[s] to exercise supplemental jurisdiction" over Plaintiff's remaining state law claims.  28
11 U.S.C. § 1367(c)(3); *see also Sanford v. MemberWorks, Inc*., 625 F.3d 550, 561 (9th Cir. 2010)
12 (where "all federal-law claims are eliminated," "declin[ing] jurisdiction over the remaining state-
13 law claims" is proper).  Accordingly, Plaintiff's state law claims for negligent misrepresentation,
14 recission, fraud, unfair business practices, and to quiet title are **DISMISSED WITHOUT**
15 **PREJUDICE** for lack of subject matter jurisdiction.

## CONCLUSION

17 For the foregoing reasons, Plaintiff's claims under state law and for damages under TILA
18 are **DISMISSED WITHOUT PREJUDICE**.  Plaintiff's claims for recission under TILA are
19 **DISMISSED WITH PREJUDICE**.  Plaintiff is granted leave to file a first amended complaint no
20 later 21 days after the filing of this order.

21 **IT IS SO ORDERED.**

22 **DATED:**     September 14, 2012

23     **IRMA E. GONZALEZ**
    **United States District Judge**

---

26 May 14, 2001) (distinguishing *Jackson* on these grounds).  Moreover, even if Plaintiff's rationale were sound, the complaint alleges no factual basis in support.  [*See* Doc. No. 1 Ex A.]  Indeed, the complaint contains not a single allegation as to when or what Plaintiffs knew in regard to the loan's consummation, source of funding, or securitization, nor any allegation of when the loan was in fact consummated under Plaintiffs' theory. [*Id*.]  Thus, dismissal is proper.  *See Cervantes*, 656 F.3d at 1041 ("Dismissal is proper when the complaint . . . does not allege sufficient facts to support a cognizable legal theory.").